NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBA HATHAWAY, | No. 24-1457 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-03218-MWF-KS |
| v. | |
| SANTA BARBARA UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 12, 2025**
Pasadena, California

Before: TALLMAN, IKUTA, and R. NELSON, Circuit Judges.

Appellant Alba Hathaway is a young adult who attended schools in Santa Barbara Unified School District (SBUSD) as a child. In high school, she experienced mental health difficulties; in response SBUSD referred Hathaway to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

county mental health services and provided her with accommodations pursuant to Section 504 of the Rehabilitation Act of 1973. She disenrolled from SBUSD schools in fall of 2019 due to her severe mental health concerns and did not finish high school. In April 2022, Hathaway filed a due process complaint requesting a hearing before the California Office of Administrative Hearings (OAH), alleging SBUSD violated the Individuals with Disabilities Education Act (IDEA) and its California corollary by failing to identify her as a child with a disability and failing to offer her a free and appropriate public education (FAPE). *See* 20 U.S.C. § 1415; Cal. Educ. Code § 56505.

The OAH conducted a hearing and found that Hathaway's claims were barred by the applicable two-year statute of limitations. Hathaway appealed the OAH's decision to the United States District Court for the Central District of California. The District Court affirmed the OAH's decision, finding that Hathaway's claims were time-barred. Hathaway timely appealed.

We "review the district court's findings of fact for clear error—even when they are based on the administrative record—and legal conclusions *de novo*." *J.B. v. Kyrene Elementary Sch. Dist. No. 28*, 112 F.4th 1156 (9th Cir. 2024). A court reviewing an IDEA due process hearing determines if, based on a preponderance of the evidence, an educational agency has complied with IDEA procedures. 20 U.S.C. § 1415(i)(2)(C)(iii). We give "due weight" to the proceedings held by the

administrative law judge (ALJ). *Capistrano Unified Sch. Dist. v. Wartenberg ex rel. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206 (1982)). The amount of deference we give to the ALJ's findings increases where the findings are "thorough and careful." *Id.* (quoting *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994)). We treat the ALJ's findings as thorough and careful "when the [ALJ] participates in the questioning of witnesses and writes a decision containing a complete factual background as well as a discrete analysis supporting the ultimate conclusions." *R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist.*, 496 F.3d 932, 942 (9th Cir. 2007) (internal quotations omitted). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. Hathaway's claims are barred by the statute of limitations. The IDEA states, "A parent . . . shall request an impartial due process hearing within 2 years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint . . . ." 20 U.S.C. § 1415(f)(3)(C). It includes two exceptions to this timeline:

> if the parent was prevented from requesting the hearing due to—
>
> (i)    specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
>
> (ii)    the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent.

*Id.* § 1415(f)(3)(D). The language of the California corollary is nearly identical. *Compare* Cal. Educ. Code § 56505(l). When Hathaway turned eighteen, she inherited her parents' rights under these statutes. *See* 20 U.S.C. § 1415(m); Cal. Educ. Code § 56041.5.

The discovery rule applies to IDEA claims and the limitations period begins to run when a parent has knowledge that a student's education is inadequate, not when the parent learns they have a cognizable legal claim. *See Avila v. Spokane Sch. Dist. 81,* 852 F.3d 936, 944 (9th Cir. 2017). The ALJ wrote a detailed order containing a "complete factual background" of Hathaway's mental health struggles, "as well as a discrete analysis supporting the ultimate conclusions." *R.B.*, 496 F.3d at 942 (quotation omitted). We thus defer to the ALJ's finding that Hathaway's parents knew, or had reason to know, that Hathaway's mental health was keeping her from accessing a FAPE in the fall of 2019 at the latest. Hathaway's claims are therefore barred by the statute of limitations as the limitations period began in the fall of 2019 and Hathaway did not file her due process complaint until April 2022.

2. Hathaway's claims do not fall into an exception to the statute of limitations. Hathaway did not present evidence that SBUSD made "specific misrepresentations" or that it was required to provide "information" that it in fact withheld. 20 U.S.C. § 1415(f)(3)(D). Hathaway's argument that SBUSD engaged in misrepresentation by suggesting "through omission," that it had done all it could when it offered her a

504 plan, fails to identify a "specific misrepresentation." *Id.* § 1415(f)(3)(D)(i). And her argument that SBUSD was required to provide her with a copy of the procedural safeguards likewise fails, because she does not identify which of the statute's subsections would have triggered such an obligation in her case. *See id.* § 1415(d)(1)(A).

3. Hathaway also waived her argument that the statute of limitations is an affirmative defense and SBUSD did not meet its burden of showing the limitations period was triggered by not raising it in her opening brief. *See Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

4. Similarly, she waived her argument that the limitations period began when Hathaway turned eighteen by not raising it until her reply brief. *See id*.

**AFFIRMED.**